NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAHMAN MINHAZAR, AKA Minhazur Rahman Chowdhury, | No. 19-70533 |
| Petitioner, | Agency No. A087-997-200 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Rahman Minhazar, a native and citizen of Bangladesh, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's partial adverse credibility determination based on Minhazar's omission from his credible fear interview that he was harmed in the year 2000. *See id.* (adverse credibility determination supported under "the totality of circumstances"); *see also Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019) (where an asylum officer's notes have sufficient indicia of reliability, "an IJ may consider inconsistencies between what a petitioner said to an asylum officer and the petitioner's testimony"); *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016) (prior omission supported adverse credibility determination where new allegations were more compelling). Substantial evidence supports the agency's determination that Minhazar's documentary evidence was insufficient to establish that he was harmed in the year 2000. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Minhazar's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's determination that the harm

19-70533

Minhazar experienced between the years 2005 and 2009 did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (citation and internal quotation marks omitted)). Substantial evidence further supports the agency's determination that Minhazar failed to show that his fear of future persecution is objectively reasonable. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution").

Thus, Minhazar's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because Minhazar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Bangladesh. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's May 24, 2019 order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-70533